IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-11240
_____


UNITED STATES OF AMERICA

                    Plaintiff-Appellee

v.

MICHELLE D MCKAMEY

                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas, Dallas
USDC No. 3:99-CR-35-6
_____
October 6, 2000

Before KING, Chief Judge, and CUDAHY[*] and WIENER, Circuit Judges.

PER CURIAM:[**]

    Defendant-Appellant Michelle D. McKamey appeals her

conviction under 18 U.S.C. § 371 for conspiracy to violate 18

U.S.C. § 1033(b)(1)(A), which provides that "[w]hoever (A) acting

as, or being an officer, director, agent, or employee of, any

person engaged in the business of insurance whose activities

_____

    [*]Circuit Judge of the Seventh Circuit, sitting by
designation.

    [**]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

affect interstate commerce, . . . willfully embezzles, abstracts, purloins, or misappropriates any of the moneys, funds, premiums, credits, or other property of such person so engaged" is subject to criminal prosecution.  18 U.S.C. § 1033(b)(1)(A) (2000). McKamey, along with several co-defendants, entered into a "Joint Stipulation of Facts" with the government, waived her right to a jury trial, and requested the district court to accept the stipulated facts as the evidence in the case and to find her not guilty or guilty of the charged offense based on a written conclusion of law.  The only issue before the district court was whether the stipulated facts constituted a violation of the charged offense as a matter of law.  The district court found McKamey guilty, and McKamey timely appealed.

McKamey contends that the district court erred as a matter of law when it determined that she conspired as alleged in the indictment.  She claims that her intent to blackmail her alleged co-conspirators compels the conclusion that there was no "meeting of the minds" between her and her co-conspirators to <u>further</u> the conspiracy that the co-conspirators were involved in.  The agreement contemplated by § 371 "must have been made prior to or during the consummation of the substantive crime," <u>United States v. Bankston</u>, 603 F.2d 528, 531 (5th Cir. 1979), and can be established by circumstantial evidence.  "'Where the circumstances are such as to warrant a jury in finding that the conspirators had a unity of purpose or a common design and

2

understanding, or a meeting of minds in an unlawful arrangement, the conclusion that a conspiracy is established is justified.'" United States v. Hopkins, 916 F.2d 207, 212 (5th Cir. 1990) (citation omitted).  McKamey contends that her effort to blackmail the co-conspirators compels the conclusion that she lacked a unity of purpose or a common design and understanding or a meeting of minds to advance the objectives of the conspiracy.

McKamey relies heavily on the opinion of the Court of Appeals for the Eleventh Circuit in United States v. Toler, 144 F.3d 1423 (11th Cir. 1998).  But the very respect in which that case is different from this one undercuts McKamey's argument.  In Toler, a defendant was convicted of conspiracy to possess and distribute crack cocaine after she demanded $500 from her ex-boyfriend in exchange for the return of the crack cocaine that he left at her house.  See id. at 1431.  The Eleventh Circuit reversed the conviction and reasoned that, although the defendant's action "might support a conviction for criminal blackmail, unlawful possession of drugs, or another criminal act," it did not show beyond a reasonable doubt that she agreed to join a conspiracy.  See id. at 1433.

As the government points out, McKamey's argument about the similarity between this case and Toler would be stronger if McKamey had started blackmailing her alleged co-conspirators after they deposited the check payable to Rebecca Hoffman because McKamey might have more plausibly argued that she did not share

3

their purpose of defrauding the insurance company. Instead, she insisted that the fraudulent check be given to Hoffman for deposit in Hoffman's bank account. Demanding that the fraudulent check be deposited and that all the proceeds be given to her was not at odds with the conspiracy; indeed, it depended on the advancement of the conspiracy to provide her with the proceeds of the check. The evidence was legally sufficient to convict McKamey of conspiracy.

McKamey's judgment of conviction and sentence are AFFIRMED.

4